2015-5031. Mr. Ruggieri. Good morning. My name is Robert Ruggieri. I'm the attorney for Appellant RLB Contracting, Inc. This appeal is about two things today. The lower court's refusal to enforce its own injunction under the mistaken belief that it lacked jurisdiction to review the agency's actions, and also the lower court's finding that the agency satisfied the injunction based merely upon an appearance of compliance. These were errors of law and abuses of discretion. My client, RLB, is requesting that this court vacate the lower court's order denying RLB's motion for contempt and remand to the lower court with direction to conduct a complete analysis of the agency's actions for compliance with the injunction and the applicable regulations. Now, you started off by referring to the trial court's decision as being predicated on a finding that it lacked jurisdiction. As I read the court's, I guess, last order in this case, which was entered on the motion for state pending appeal, particularly at page 254 of the appendix, the court seems to say that it did not base its ruling, at least not on the lack of jurisdiction, but rather on the merits of the question of whether the injunction was compliant or not. And I'm reading from the last full paragraph on that page, if you have that, 254 of the appendix. We did not deny plaintiff's motion to enforce the injunction merely for want of jurisdiction, and then gone on to say that the injunction was, in the court's view, literally compliant. Yes, Your Honor. Jurisdiction really isn't a question, is it? Well, Your Honor, I believe it is. Merely means that in part it was based on jurisdiction. Right, but he ultimately says, you lose on the merits. So that's really the question before us, is it not? To what extent they looked at the merits is a question, and that was an exclusive discretionary. So if we were to conclude that to the extent that he relied on jurisdiction, he was wrong,  I think it would, Your Honor. Why would it help you since he also reached the merits? You need to win on the second question, right? The question of whether he was correct or not on the merits of his decision that the injunction had been literally compliant. Correct? I respectfully disagree, Your Honor. I believe that... Explain why that's wrong. Because the court made it clear in its initial order denying the motion that it lacked jurisdiction to get the merits of the issue, and therefore it did not... Do you think once he said that, he could not then say that that was not in fact the sole ground of his decision? He made it clear, and he continued that through his other orders, though, on the motion for reconsideration and on the motion for state pending appeal. But you're correct, Your Honor. In that final order, he did say it wasn't merely lack of jurisdiction, but also because I found an appearance of compliance or literal compliance. So there are two questions, and we find there are two errors, and I believe they're independent grounds, Your Honor. So either one I believe you could send back to the lower court. With respect to your second question, yes, the court does state that he performed a limited review for literal compliance where there often appears there was compliance, and we believe that's an abuse of discretion under that standard. The court has a continuing obligation, the lower court has a continuing obligation to enforce its orders. That obligation is not satisfied by merely taking a quick look and finding an appearance or a literal appearance of compliance and not finding that the actions actually had a rational basis. Inherent in any order or injunction is that the subsequent actions directed to be taken not only comply with the regulations in the order but have a rational basis, and the court did not do that. The court only... It never once looked to whether there's a rational basis or whether it complied with the actual specific direction. It merely said they didn't. The court was only seen to be concerned with if a redetermination occurred, but not how that redetermination occurred, and that's a very big distinction, and I think that's an opportunity the court missed, and it should have reviewed for the merits as well and abused its discretion by not doing that. One of the reasons this is an important case is because this is about the application of the small business dredging exception. It's a unique exception. It's a unique part of the NAICS Code for this type of work. It protects and promotes small business dredging contractors, and it does this by not only requiring a lower size standard for annual receipts, but the most important part is that it requires that the contractor perform 40% of the dredging work with its own equipment, so it protects these small dredging contractors from other small businesses that would otherwise subcontract out a large portion or maybe all of the dredging work to a large dredging company that would get the benefit of all the money coming under their contract for that work, so this is a very important exception, and the agency improperly devalued the dredging work in order to circumvent the application of that exception, and RLB is a small business. It can and does perform dredging with its own equipment, and it was harmed by it. Do you have any idea why it is that SBA has this seemingly somewhat peculiar provision for dredging in particular? Was there some kind of policy basis for that? It was enacted back in the 70s, I believe in 1974, Your Honor, and it's a very competitive industry, the dredging industry, and these small businesses have to invest a lot of money to buy these dredging equipment, so they wanted to have extra protections for these small dredging companies. When there is a set aside for small businesses, they want to make sure that the company that gets the contract for the work benefits from the contract, so they've invested all this money. They want to be able to get the money for their investment. The SBA regulations and the Federal Acquisition Regulations are clear that the exception should be applied when the principal service is dredging, and put another way, in the regulation specifically, when dredging accounts for the greatest percentage of the value of the contract, when the dredging component is the greatest component, and it was here. Therefore, the dredging exception should have been applied. The agency didn't do it. RLB post-tested, went to the Office of Hearings and Appeals before the SBA. They did not grant the requested relief. RLB then went to the Court of Federal Claims, and the Court of Federal Claims agreed. They found that the process undertaken by NRCS wasn't proper, and it lacked a rational basis, and it told them to go back and do that process over again, in accordance with some specific directives, and of course, inherent that that and based on the regulations. They did a determination, and it turns out the determination in that process was fraught with errors, fraught with mathematical errors, based on factual errors, and really did not include a rational basis. So what RLB did, they filed a motion for contempt of that order, asking the lower court to enforce that order, really just asking the court to do the same thing it already did the first time, just review that process, make sure that process was rational, and had a rational basis, and was based on correct information, because based on our review of that document, it was clear that it wasn't, and we presented that information to the lower court. The lower court, unfortunately, refused, saying that it lacked jurisdiction to take a look at the substance of their actions, and merely said, well, they did a redetermination, so therefore they complied with it, but it didn't look at the merits to see, okay, did they really comply with the regulations, the law, and did this determination, was it simply based on errors and manipulated data, and it's pretty clear, it's very clear in our papers that that's what happened, but the court declined to do that, on jurisdictional reasons, and it said, for prudential reasons, we're not sure exactly what that means, but it's really unclear why they refused to do that, and based on their obligation to enforce their own orders, we feel that the short shrift that they gave to the redetermination, finding, for what that appears, for what that appears there was compliance, or that they found literal compliance, that that was not satisfying the obligation to enforce the order, and therefore was an abuse of discretion. Well, let me ask you this. The court said that it would have been better if, instead of seeking to get relief through further pressing on the question of enforcement of the injunction, you had brought a new protest. In your briefs, you suggest that, well, that really wouldn't have been possible. Is there no avenue by which you could have gone via protest to challenge the redetermination that was made? We do not believe there was, Your Honor. First, or they had the right to do it. They had the right to enforce a judgment they get with the issuing court, but with respect to, well, could they have gone somewhere else? We still believe no, Your Honor. There have been substantial questions of timeliness and standing, not to mention a complete waste of judicial time and resources if a whole new protest had to be fought. But waste of resources is not to say the same thing as that you simply had no avenue to proceed. I understand. Let's assume away for the moment the time factor and the resources. Is there a mechanical means for seeking to get review of the second determination? Is there an avenue for a protest to be filed? Don't believe so, Your Honor, and here's why. No way you can protest in that situation. It was too late, and the client, in our belief, did not have standing, Your Honor. The proper way to challenge a NAICS Code determination is to file a challenge before the Small Business Association, OHA, Office of Appeals, and then go on to the Court of Federal Claims if you don't like the result. But you have to file that challenge within 10 days of the issuance of the solicitation or an amendment. It's important here that when the agency went back and did their redetermination, they could have issued a new solicitation or made an amendment, but they didn't. They issued the contract under the same solicitation without an amendment. Therefore, we were out of time. We couldn't go back to OHA and ask for a new determination because we were well out of time. Now, could we have gone to the Court of Federal Claims? Same answer, no. We didn't have standing. The award had already, well, proposals had already been opened, and the award had already been given. Speaking of out of time, you're not out of time here, Mr. Wojary, but you're into your rebuttal time. You can continue or say it. I understand. Unless the panel has any immediate questions, I'll reserve the remaining three and a half minutes or so to rebuttal. All right. Thank you. Ms. Speck. Good morning, Your Honor, and may it please the Court. It's clear that the government complied with the Court's order to perform a new redetermination. I'm sorry. Can we pick up where Judge Bryson left off with his question about what other potential avenues could there have been for RLD to review the merits of the redetermination? Your Honor, many of RLD's own problems are of its own fault. There's no reason why it couldn't have submitted to this. Well, let's just take the fact pattern here. The agency issued a redetermination. It did the quantitative analysis. RLD is unhappy with it on the merits, thinks it's substantively flawed in significant ways. What would their avenue of legal relief be at that juncture given your position and the Claims Court's position that enforcing the injunction order is not the right way to go? Well, RLD would have first had to go to the Office of Hearing and Appeals, and if they had dismissed it or they could have… Under what avenue? Under the FBA regulations, which require protests to go. I believe it starts at 48 CFR 19.303 and there are other details. Would it be a post-award protest or what would it be? Well, Your Honor, they would be assumedly challenging the NACE co-determination, which would be most likely to get dismissed by the Office of Hearing and Appeals, but then they would have to… Alternatively, they could have asked the court to amend the complaint. It's unclear how Judge Brugink would have responded to that, or they could have argued it would have been futile to have exhausted their administrative remedies and attempted to seek relief with the court. Your Honor, this sounds… Maybe I'm misunderstanding you. It sounds a little equivocal on whether there was actually an established way for them to get review of the redetermination. What's the concrete way to do it? Your Honor, when the administrative process starts over again, the procedure is to go to the Office of Hearing and Appeals to review the side standard determination. They say they would have been out of time there. Is that true or not? Your Honor, there are timeliness requirements. The administrative exhaustion requirements would still require them to go to the Office of Hearing and Appeals or to make an argument before the court or federal claims that for some reason it would have been futile to have attempted to have exhausted those administrative remedies. But I think it's important… I'm sorry. I didn't hear the answer. Would that have been out of time or would it have been timely? Your Honor, it's… It's just a yes or no question. I don't really know exactly what the Office of Hearing and… The Office of Hearing and Appeals does have strict time requirements and it's unclear how they would have… I can't speak for exactly how the Office of Hearing… What are those time requirements? The opposing counsel said there's just a certain short time window after the solicitation issues. It says that an appeal from the… This is 19.303C. An appeal from a contracting officer's office is reserved and filed within 10 calendar days after the issuance of the initial solicitation or any amendment affecting the NACE coder size standard. Right. So we're way beyond that. At that juncture of the redetermination, correct? Well, Your Honor, yes, but then that would provide the opportunity to go to the federal claims and say, look, it would have been administratively futile. But I think it's important to point out that even when you go through this administrative process under the Office of Hearing and Appeals, you are not actually guaranteed relief for your current solicitation. Under 19.303A, they specifically contemplate that if OHA's decision is received by the contracting officer before the date offers are due, it will be final. But it also says that if OHA's decision is received after the due date of the initial offers, it doesn't apply to the pending solicitation but shall apply to future solicitations for the same product or service. So they were never actually guaranteed any type of remedy. But the point is that to the extent that they claim they would have had standing issues, they could have submitted a bid on the second solicitation. They are not actually challenging the award of the contract to Coastal at this point, which was a small business set-aside. Was there a second solicitation or was this all part of a single solicitation? Your Honor, there was an initial solicitation, which was where the initial independent government estimate was performed. The NACE code issue was not protested at that point. The agency awarded it to Coastal. Then the RLB protested at GAO and the agency took corrective action. And then the agency issued a second solicitation, which the NACE code was protested. But that's the solicitation that is the subject of the current litigation, I take it. But there wasn't yet another solicitation following the redetermination. No, Your Honor. No. So to continue, you say that they were not necessarily... In the bid protest situation, I take it that you're always entitled to protest an award and ultimately find your way to court, if you like, if the award is predicated on what you regard as error. There's judicial review available in the bid protest setting in all contracts, correct? Well, yes, Your Honor, but you do have to meet the standing requirements. Okay. What was their avenue for meeting the standing requirements? I think you were about to tell us. Their avenue for meeting... Right now, we have a contract that has been awarded. Work started on the contract in March of 2015. It will finish in April of 2016. It is 57% of the performance time is incomplete and we're in Louisiana, so they work through the winter. For an awarded contract, the way to protest that, you don't have standing unless you submit a bid. And here they didn't submit a bid, which was their own... The papers here reflect that they took a gamble that they could protest the NACE code. Also, to the extent that they thought they... There are many ways that they objected to the language in the trial court's order that merely ordered the government to file a new... To perform a redetermination and the order specifically contemplated that the government could award the contract if it determined that the dredging exception did not apply. If they had objections to that, the time to do that was to object when the court actually issued the order. As the court clearly determined, the government complied with the order. It performed... The court didn't take the government's word that it was going to just perform... That it was just going to perform another size standard. The government initially just submitted a declaration and the court said, you know, I need to look at this. And the court clearly said that it looked at it and it determined that the government's enforcement or the government's compliance with the order was sufficient. I think it's notable that RLB hasn't cited a single case where a higher court has said, you should have held the government in contempt and you didn't. This is a highly discretionary area for the trial court. The trial court very clearly said, both in the initial order and in the redetermination, that the agency literally complied with our order. And so here... And I think it's also important to note the court's refusal to go into more substantively the merits of the protest. It is a different question between whether the government complied with the order and whether the government's evaluation was arbitrary and capricious. And another case that made that distinction, which is cited in the mission critical case, is the filtration development company versus the United States. Let me ask you kind of what I've been asking in a different way. Let's assume that you are RLB's lawyer. And let's go back in time to when the agency issued the redetermination. Okay. It comes out, you read the redetermination, you're RLB's lawyer, and you don't like what the agency did. You think that redetermination quantitative analysis is deeply flawed. And you want review of that. What do you do? We petition the court for compliance. If the court determined it complied, we would seek to either ask the court to amend the initial complaint. Compliance with what? Compliance with the injunction? Compliance with the injunction, which required a new... Which is what they did, right? Which is what... And they ran the risk, again, by not bidding on the solicitation, that the court would... Make sure I follow you. You're RLB's lawyer at that juncture. You're saying that what RLB should have done is file a bid right then and there. And they could have either asked the court to amend the complaint or they... The point is, their complaint does not actually cover this new standard determination. I'm sorry. I'm sorry. You're RLB's lawyer. Let's stay there. Don't walk away and start talking about other things. Just tell me exactly, what are the two, three, four, or only one thing they could have done at the moment that the redetermination came out? They could have sought enforcement. They could have also raised the court... What does that mean, enforcement? You file a motion for contempt and then you're somewhat running... Exactly. They did that. Right. And the court said the government complied. Let's assume that they did that. What do they do next? They have Judge Brueging's order in their hands. You do, as their lawyer. What do you say, okay, we are entitled ultimately to get some form of judicial review of this redetermination, I think, and how do I go about getting it? What's my next step? They could have either asked to file an amended complaint and they could have said... One, I think it's important to note, they never expressed to the court... They expressed concerns about the merits of the decision being wrong. They did not argue to the court that they were precluded from bringing a bid protest. That's nowhere in their papers. They could have raised the concern to the court that they were concerned they couldn't file another bid protest. They could have tried to amend the complaint. They could have filed another bid protest. I don't know how successful they have been. To the extent they were unsuccessful, I submit to the court that that was the result, the fact that they took a gamble on the protest. Could they have filed a bid protest without actually filing a bid themselves? They would be at risk for us. We would have challenged standing if the court had... The government did... It's just a yes or no question. They can file a bid protest, yes, Your Honor. I mean, what would have been heard? I don't know the answer to that, Your Honor. I don't know if amending the complaint would have let them be heard, but plenty of times protesters file bid protests and do not get the relief that they want. In the Magnum Opus case that I cited in our brief, the court continued to let them use the solicitation for two years. In the filtration development case, the court said it was satisfied with the second determination that the agency made. In the mission critical case, they said that they were out of luck. Again, even with the OHA process, they were unlikely to have gotten... They ran the gamble anyway when they challenged it that OHA wouldn't have even issued a decision by the time bids were due. So many of these problems are of RLB's own making, and given that they didn't even attempt to file another bid protest, didn't raise these arguments to the court, and given the fact that they didn't even here seek an expedited briefing schedule or ask for a stay pending appeal with this court. The agency has gone on with this contract. RLB didn't challenge the award. There's absolutely no basis for disturbing the trial court's decision, given that it did not abuse its discretion in determining that the government complied, or just given the factors surrounding this bid protest. If the court has no further questions, I respectfully request that I affirm the decision of the lower court. Thank you. With all due respect, Mr. Ruggieri has three and a half minutes left. You follow? A lot of time was spent talking about what remedies RLB would have had. I think we made it clear, it was made clear that at OHA it would have been rejected. The regulations are clear that the judges at OHA do not have any discretion to extend the time period for filing. A lot was talked about, RLB took the risk that RLB should have filed a proposal way back when, and that would have gave it standing much later. RLB didn't believe there was a proper NAICS code. Why would it spend a lot of money and invest a lot of time preparing a proposal for a job that under that current NAICS code it didn't want? Because other small contractors would have an advantage knowing that they could hire a large contractor to do most of the work, and they didn't have to do the dredging work. So it makes no sense to say that RLB should have thought way ahead of time and submitted a proposal when they weren't required to. RLB went through the proper process. How about amending the complaint to address the redetermination with the Code of Federal Claims? I've never heard of that being done. It's clear. Amendment to a complaint? No, under these circumstances, Your Honor. And we found many cases where an injunction was filed and the court looked at the merits of the action based on the injunction. Because that's exactly what the court did the first time. They looked at the process, and now we're just asking them, and they said, do the process over again, agency. And RLB is asking, okay, they did another process. Just do the same thing again. Look at that process again. Well, the first complaint was the determination was flawed. And the district trial court responded by saying, okay, do the determination again. And they did. It would seem to me that it's perhaps a natural course to follow to say it's still flawed the second time around and go back to the adjudicator who said, yes, it was flawed the first time around. Why isn't that a sort of natural course of action to follow? It doesn't put you back in before an agency. They would say that you're too late. We're not sure what would have happened in that instance, Your Honor. We felt in their cases that say a party that gets, that is awarded a judgment, had interest in enforcing that judgment with the court that issued it. And that was the proper way to go, we felt, and the only way, really, to go. And so that's basically why. And the case law out there, when many other instances, that's exactly what the court did. It appeared that this was the avenue, the proper avenue to go. Suppose Judge Grubing had been crystal clear about the injunction. And I think he's pretty clear. But let's assume that he had added to the injunction the clause, and it said, I hereby direct the agency to do a redetermination, and my injunction is simply for them to do a redetermination, and I do not intend, following the redetermination, to examine the details of whether it was done to the satisfaction of RLB. That's the injunction. There'd be no question in that case, I take it, that what was done complied with that injunction, right? Well, Your Honor, if that was the case, then RLB certainly would have appealed that order, saying, you can't just tell them to do it. You have to consider yourself of how they're doing it. And you have to get into the merits of it. And what would you have said? For the injunction, you would have said what? You would have said, you can't have an injunction like that? Exactly, Your Honor. You can't issue an injunction and not keep jurisdiction to enforce the injunction or to review compliance with it. The courts have an obligation to enforce it. But he was reviewing compliance with the injunction that he granted, which is that he said they complied. And he would have been right, for sure, if that had been the injunction he'd given. Wouldn't it be the thing to do to go back and say, okay, now that they've done a redetermination per your injunction, we now amend the complaint to say the new determination is wrong? That may have been an option, Your Honor. I don't know. I don't think it was. But I think the proper way to do it, and RLB had a right to do what it did, was go back to the issuing court and ask for compliance with that injunction, which was specific. Thank you, counsel. Thank you, Your Honor. Thank you. Thank you.